**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

LEOPAUL SAINT-LISMA,

Petitioner,

v.

CHRISTOPHER LAROSE, Warden, Otay Mesa Detention Center; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; DAVID VENTURELLA, Senior Official Performing the Duties of the Director, U.S. Immigration and Customs Enforcement; TODD BLANCHE, Attorney General, U.S. Department of Justice,

Respondents.

Case No.: 3:26-cv-05764-BTM-VET

**ORDER GRANTING IN PART AND DISMISSING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

**[ECF NO. 1]**

//

//

//

Leopaul Saint-Lisma, a noncitizen from Haiti, has petitioned the Court for the writ of habeas corpus, claiming that the Government violated the Fifth Amendment by arbitrarily detaining him without notice and opportunity to be heard. (ECF No. 1.) The Petitioner entered the country on October 26, 2021, was granted conditional parole, and was arrested on October 6, 2026 without notice as to why parole was revoked.

The Government acknowledges that the Petitioner was released on parole, that the Court has granted petitions with similar facts and legal issues, and "does not oppose the petition and defers to the Court on the appropriate relief." (ECF No. 4.) The Government also stated that Saint-Lisma "does not have a noted criminal history" and its counsel "has not been provided with any information indicating Petitioner is a danger to the community." (*Id.*)

Accordingly, the Court grants the petition on the Petitioner's Due Process claim. The Court adopts its previous decision in *Tulyakov v. LaRose*, No. 26-cv-01695, 2026 WL 981218 (S.D. Cal. Apr. 13, 2026), to find that—in light of the *Mathews v. Elridge* factors—the Petitioner's liberty interest and the procedural protections afforded that interest outweigh the Government's enforcement interest. *See* 424 U.S. 319, 334–35 (1976). Moreover, the Government does not contend that any changed circumstances warranted Petitioner's redetention or that the Petitioner is a danger to the community or a flight risk.

Thus, the petition for a writ of habeas corpus is **GRANTED** and the writ is **ISSUED**. The Government shall immediately release Saint-Lisma from custody on any preexisting conditions. Although the Petitioner was granted conditional parole, the Court uses the analogous humanitarian parole law to set a guideline for the procedures that the Government must follow when redetaining the Petitioner. *See* 8 U.S.C. § 1182(d)(5)(A); 8 C.F.R. § 212.5(e)(2). Should the Government attempt to revoke the Petitioner's parole in the future, it must provide the Petitioner a written revocation notice—issued by a statutorily authorized official—that provides individualized grounds for the termination of parole. The Government must also allow the Petitioner an opportunity to rebut the revocation of parole. *See Mendez-Ramirez v. Casey*, No. 26-cv-04513, 2026 WL 2824537,

at *1 (S.D. Cal. Sept. 21, 2026); *Araujo v. LaRose*, No. 25-cv-2942, 2025 WL 3278016, at *2 (S.D. Cal. Nov. 24, 2025); *Noori v. LaRose*, 807 F. Supp. 3d 1146, 1165 (S.D. Cal. 2025).

The Government shall provide reporting instructions to the Petitioner. The parties shall file a joint statement as to the satisfaction of the writ by November 3, 2026, at 5 p.m. The Court retains jurisdiction to enforce the writ. Because the Court grants the petition on the Due Process claim, the Court declines to reach the merits of the Petitioner's other claims. Count Two of the petition is **DISMISSED** without prejudice.

The Petitioner may move for an award of fees within thirty (30) days of the entry of this Order. The Government shall respond within fourteen (14) days of the filing of the motion and the Petitioner may reply within seven (7) days of the filing of the opposition.

**IT IS SO ORDERED.**

Dated: November 2, 2026

Honorable Barry Ted Moskowitz
United States District Judge